**Charles R. Withers, a minor, by Charles W. Withers, his next friend, Appellant, v. Chicago City Railway Company, Appellee.**

### Gen. No. 16,341.

1. CARRIERS—*assault by employe.* On an action against a street railway company for breach of contract of safe carriage, defendant should be held liable if the jury believe plaintiff's testimony that, as he was boarding a car at a street intersection, with his fare ready, the conductor without provocation struck at him with a black-jack, hit him in the neck, and knocked him from the car.

2.  CARRIERS—*appeal and error.*  On action against a street railway company for breach of contract to safely carry plaintiff, a verdict for defendant should not be disturbed where plaintiff's testimony, as to an assault by a servant of the defendant as he was boarding a car, is in many respects inconsistent and improbable and especially as to whether he was assaulted by a servant of defendant.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.  Heard in this court at the March term, 1910.  Affirmed.  Opinion filed June 17, 1912.

B. M. SHAFFNER, for appellant.

C. LE ROY BROWN, for appellee; W. D. BARTHOLOMEW, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This was a case of the first class in the Municipal Court of Chicago, wherein appellant sought to recover damages from appellee for a breach of contract.  The first count charged a breach of the contract to protect and safely carry the plaintiff, etc., in that the defendant, by its servant, assaulted the plaintiff, etc.  The additional count charged the breach of the contract in that the defendant permitted some person on the car to assault the plaintiff, etc.  The jury found for the defendant; the court entered judgment on the verdict, and the plaintiff comes here on appeal.

The plaintiff was the only witness in the case who testified to what took place at the time of the alleged assault.  He was 17 years old at the time, and testified that he boarded a car of the appellee on Wabash avenue at Madison street; that at the time he had a dime in his hand with which to pay his fare going to his home; that as he put his foot on the platform, a man with a blue uniform standing at the rear exit door of the car, who, he said, was the conductor, without a word having been said by any one and without provo-

cation of any kind, struck at him with a black-jack; that he saw the blow aimed at his head and dodged, but was hit on the neck and knocked to the street; that some man, a stranger to him, picked him up and he then went to State street and took a car and went to his home; that by reason of his injuries so received he has suffered, etc., etc.

If the jury believed the said testimony of the plaintiff, it is clear the defendant should have been held liable under the first count. We have made a careful study of the plaintiff's testimony as shown by the record, and in view of the inconsistencies and improbabilities shown therein in many respects, we are not disposed to hold that the verdict was clearly and manifestly against the weight of the evidence, especially as to the person who assaulted the plaintiff, if he were so assaulted, being a servant of the defendant.

There was no evidence supporting the additional count, for there was no showing that the defendant failed to exercise due care as required by law to protect a passenger from an assault as therein charged.

The record presents no substantial errors, and the judgment is affirmed.

*Affirmed.*